**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

_____

| | |
|---|---|
| **LISA MUSE**, ) | |
| 9333 Tallister Court ) | |
| Waldorf, MD 20603, ) | |
| ) | COMPLAINT |
|     Plaintiff, ) | |
| ) | Civil Action No.: _____ |
| ) | |
|     v. ) | |
| ) | |
| **Washington Metropolitan Area Transit Authority** ) | |
| 600 Fifth Street, NW ) | **Jury Demanded** |
| Washington, D.C. 20001, ) | |
| ) | |
| _Serve:_ ) | |
|     Washington Metropolitan Area ) | |
|     Transit Authority ) | |
|     Office of General Counsel ) | |
|     600 Fifth St., NW ) | |
|     Washington, D.C. 200001 ) | |
| ) | |
|     Defendant. ) | |

_____)

## **COMPLAINT**

**COMES NOW** Plaintiff, Lisa Muse (hereinafter "Plaintiff" or "Ms. Muse"), by and through her undersigned counsel, and brings this action against Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA" or "Defendant"), for the cause of action stated as follows:

## **NATURE OF THE CASE**

1.    Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, _et seq._, seeking relief from discrimination based on her sex (female) and retaliation for engagement in protected EEO activity.

2.     Defendant discriminated against Plaintiff by subjecting her to, during the course of her employment with Defendant, discrimination based on her sex (female) and retaliation for engagement in protected EEO activity.

## **PARTIES**

3.     Plaintiff is currently domiciled in Waldorf, MD. Plaintiff is a resident of the State of Maryland and is a United States citizen. At all relevant times, Plaintiff was an employee of the Washington Metropolitan Area Transit Authority in Washington, D.C.

4.     Defendant WMATA is an interstate compact agency and, by the terms of its enabling legislation, an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia. It is headquartered in Washington, District of Columbia.

5.     Defendant is a "person" within the meaning of 42 USC § 2000e(a) and 42 U.S.C. § 12111(7), an "employer" within the meaning of 42 USC § 2000e(b) and 42 U.S.C. § 12111(5), and a "covered entity" within the meaning of 29 CFR § 1630.2(b) and 42 U.S.C. § 12111(2).

6.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

7.     At all relevant times, Plaintiff was an employee of WMATA.

## **JURISDICTION**

8.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

9.    This Honorable Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. § 2201(and related relief pursuant to 28 U.S.C. § 2202), and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

## VENUE

10.    Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency that operates within the District of Columbia, and occurred in the District of Columbia. 28 U.S.C. § 1391; 42 U.S.C. § 2000e-5(f).

11.    Venue is further proper in this district because there is no other district in which this action may otherwise be brought. *Id*.

12.    Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within WMATA's buildings, facilities, and common carriers operating within this district. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

### EEOC No. 570-2022-01871

13.    Plaintiff has exhausted her administrative remedies as follows.

14.    On April 28, 2022, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination with the District of Columbia Office of Human Rights.

15.    On July 5, 2022, WMATA filed a Position Statement to Plaintiff's Charge of Discrimination.

16.    On August 31, 2022, Plaintiff filed a Response to Position Statement.

17.    On November 14, 2022, the EEOC issued a Determination and Notice of Rights.

18.     The EEOC Determination and Notice of Rights stated, "this is official notice from the EEOC of the dismissal of your charge and of your right to sue."

## FACTS

19.     Plaintiff incorporates herein all information and allegations contained in the preceding paragraphs, as if fully set forth here.

20.     At all times relevant to the claims made herein, Plaintiff was an employee of WMATA in Washington, D.C., and Maryland.

21.     Plaintiff identifies as female.

22.     Plaintiff was a Superintendent for Service Operations, operating out of Montgomery County, MD.

23.     Plaintiff was hired into this position in 2020.

24.     On or about November 1, 2021, Plaintiff engaged in EEO activity when she opposed discrimination in the workplace. Specifically, Plaintiff contacted the WMATA Employee Relations Department lodging a complaint against Service Director Keith Sanders, and identifying his discriminatory and unfair treatment of her. Plaintiff's complaint further complained that Service Director Keith Sanders harassed her as a female and otherwise created a hostile work environment.

25.     Plaintiff's November 1, 2021, Plaintiff additionally made a complaint alleging discrimination because Service Director Keith Sanders denied her tools, the help, and the assistance that she needed to effectively perform the duties of her position.

26.     Plaintiff complained to WMATA's Employee Relations officials that Service Director Keith Sanders provided assistance to male Superintendents but failed to provide her the same requested assistance.

27.    Service Director Keith Sanders at all times relevant herein was Plaintiff's first level Supervisor.

28.    Service Director Keith Sanders supervised Plaintiff and other male and female Superintendents.

29.    Service Director Keith Sanders regularly treated Plaintiff's male co-workers more favorably regarding terms and conditions of their employment than she and the other female Superintendents that he supervised.

30.    One of Plaintiff's female co-workers regularly complained to WMATA's Employee Relations Department about how Service Director Keith Sanders discriminated against her based on her gender.

31.    On November 10, 2021, within two weeks of Plaintiff's Employee Relations complaint being assigned for investigation, Service Director Keith Sanders issued to Plaintiff a Letter of Understanding Performance Expectations Written Warning ("Performance Warning").

32.    The Performance Warning specifically acknowledged that Plaintiff had raised concerns of stress in the workplace affecting her.

33.    The only address/assistance suggested by WMATA at this point was to refer Plaintiff to the Employee Assistance Program ("EAP").

34.    Subsequently, on or about November 24, 2021, Service Director Keith Sanders suspended Plaintiff for five days.

35.    In December 2021, Service Director Keith Sanders issued Plaintiff and  a write up and a Coaching Memorandum admonishing Plaintiff for what was alleged to be an apparent premature discharge of a Bus Operator.

36.    In February 2022, Service Director Keith Sanders issued Plaintiff a Below Target Performance Evaluation.

37.    WMATA's Employment Relations Department failed to investigate the EEO complaint Plaintiff brought against Service Director Keith Sanders.

38.    Plaintiff's similarly situated male co-workers were not disciplined or otherwise harassed by Service Director Keith Sanders in the workplace for the same or similar work performance.

39.    Prior to making her EEO complaints regarding Service Director Keith Sanders, no deficiencies were raised or discussed with Plaintiff concerning her work performance.

40.    During all times relevant herein Plaintiff successfully performed the duties of her position.

41.    In February 2022, Plaintiff went out on approved sick leave.

42.    Plaintiff provided medical documentation to support her sick leave request.

43.    Despite being out on approved sick leave, and having provided proper medical documentation for the same on February 14, 2022, Service Director Keith Sanders issued a letter to Plaintiff on February 23, 2022, stating that she was not on approved medical leave.

44.    On March 3, 2022, Plaintiff received notice of her immediate termination of employment from WMATA.

**CAUSES OF ACTION**

**COUNT ONE**

**(Discrimination on the Basis of Sex**
**in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*)**

45.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

46.    As a female, Plaintiff is a member of a protected class.

47.    Because of her sex, Plaintiff was subjected to unlawful conduct and adverse actions alleged throughout this Complaint.

48.    The Defendant's improper adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

49.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

50.    Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

51.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

52.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her sex.

53.    Defendant discriminated against Plaintiff because of her sex by engaging in, tolerating, or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

54. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs – and is entitled to all available legal and equitable remedies.

55.    Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this complaint.

56.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT TWO

**(Hostile Work Environment Harassment on the Bases of Sex, and Reprisal in violation of Title VII of the Civil Rights  Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and the Rehabilitation  Act of 1973, 42 U.S.C. § 12111, *et seq.*)**

57. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

58. On or about November 1, 2021, Plaintiff engaged in EEO activity when she opposed discrimination in the workplace. Specifically, Plaintiff contacted the WMATA Employee Relations Department lodging a complaint against Service Director Keith Sanders, and identifying his discriminatory and unfair treatment of her.

59.    Plaintiff's complaint further complained that Service Director Keith Sanders harassed her as a female and otherwise created a hostile work environment.

60.    Since approximately November 2021, Plaintiff suffered harassment at the hands of WMATA management officials as a result of her protected EEO activities in her reporting her own harassment and discrimination to the WMATA Employee Relations Department on or about November 1, 2021.

61.    Since approximately November 1, 2021, Plaintiff began to be treated differently than her similarly situated co-workers who had not engaged in EEO activity.

62.    Since approximately November 1, 2021, Plaintiff began to be treated differently from how she was treated prior to bringing her EEO complaints about Service Director Keith Sanders to WMATA's Employee Relations Department.

63.    Similarly situated male co-workers that did not lodge such complaints were not subjected to the same adverse treatment in the terms and conditions of their employment.

64.    Unlike Plaintiff's similarly situated male co-workers, Plaintiff received and was made to endure unnecessary performance warnings.

65.    Unlike Plaintiff's similarly situated male co-workers, Plaintiff received a five day suspension.

66.    Unlike Plaintiff's similarly situated male co-workers, Plaintiff received a coaching memorandum.

67.    Unlike Plaintiff's similarly situated male co-workers, Plaintiff received a lowered evaluation.

68.    Unlike Plaintiff's similarly situated male co-workers, Plaintiff was terminated.

69.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses, and costs, and is entitled to all available legal and equitable remedies.

70.    Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

71.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT THREE

### (Discrimination on the Basis of Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)

72.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

73.     On or about November 1, 2021, Plaintiff engaged in EEO activity when she opposed discrimination in the workplace. Specifically, Plaintiff contacted the WMATA Employee Relations Department lodging a complaint against Service Director Keith Sanders, and identifying his discriminatory and unfair treatment of her.

74.     Plaintiff's complaint further complained that Service Director Keith Sanders harassed her as a female and otherwise created a hostile work environment.

75.     Since approximately November 2021, Plaintiff suffered harassment at the hands of WMATA management officials as a result of her protected EEO activities in her reporting her own harassment and discrimination to the WMATA Employee Relations Department on or about November 1, 2021.

76.     Since approximately November 1, 2021, Plaintiff began to be treated differently than her similarly situated co-workers who had not engaged in EEO activity.

77.     Since approximately November 1, 2021, Plaintiff began to be treated differently from how she was treated prior to bringing her EEO complaints about Service Director Keith Sanders to WMATA's Employee Relations Department.

78.    Similarly situated co-workers that did not lodge such complaints were not subjected to the same adverse treatment in the terms and conditions of their employment.

79.    Unlike Plaintiff's similarly situated co-workers, Plaintiff received and was made to endure unnecessary performance warnings.

80.    Unlike Plaintiff's similarly situated co-workers, Plaintiff received a five day suspension.

81.    Unlike Plaintiff's similarly situated co-workers, Plaintiff received a coaching memorandum.

82.    Unlike Plaintiff's similarly situated co-workers, Plaintiff received a lowered evaluation.

83.    Unlike Plaintiff's  similarly situated co-workers, Plaintiff was terminated.

84.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses, and costs, and is entitled to all available legal  and equitable remedies.

85.    Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

86.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way  thereto.

**COUNT FOUR**

**(Wrongful Termination on the Basis of Sex)**

11

87.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

88.    Plaintiff is a member of a protected class, identifying as female.

89.    Because of her sex, Plaintiff was subjected to unlawful conduct and adverse actions alleged throughout this Complaint.

90.    The Defendant's improper adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

91.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

92.    Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

93.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

94.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her sex.

95.    Defendant discriminated against Plaintiff because of her sex by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

96.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages—including, but not limited to, Plaintiff's termination from WMATA on March 3, 2022.

97.    Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this complaint.

98.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

<u>**COUNT FIVE**</u>

**(Wrongful Termination on the Basis of Retaliation)**

99.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

100.   On or about November 1, 2021, Plaintiff engaged in EEO activity when she opposed discrimination in the workplace. Specifically, Plaintiff contacted the WMATA Employee Relations Department lodging a complaint against Service Director Keith Sanders, and identifying his discriminatory and unfair treatment of her.

101.   Since approximately November 2021, Plaintiff suffered harassment at the hands of WMATA management officials as a result of her protected EEO activities in her reporting her own harassment and discrimination to the WMATA Employee Relations Department on or about November 1, 2021.

102.   Since approximately November 1, 2021, Plaintiff began to be treated differently than her similarly situated co-workers who had not engaged in EEO activity.

103.    Since approximately November 1, 2021, Plaintiff began to be treated differently from how she was treated prior to bringing her EEO complaints about Service Director Keith Sanders to WMATA's  Employee Relations Department.

104. Similarly situated co-workers that did not lodge such complaints were not subjected to the same adverse treatment in the terms and conditions of their employment.

105. Unlike Plaintiff's similarly situated co-workers, Plaintiff was terminated.

106. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses, and costs, and is entitled to all available legal and equitable remedies.

107. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

108. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages;

b. Award damages and equitable relief all benefits and interest for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorneys' fees, costs, and expenses incurred for this action;

e.    Require Equal Employment Opportunity training for the supervisory officials named herein;

f.    Require Supervisory training for the supervisors named herein;

g.    Award equitable, declaratory, and injunctive relief; and

h.    Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

109.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

110.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants, and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.    Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.    Supervisory training for the supervisors at issue herein; and

d.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues set forth herein.

15

Respectfully submitted,

By:     */s/Donna Williams Rucker*

DONNA WILLIAMS RUCKER
  (D.C. Bar No. 446713)
TULLY RINCKEY PLLC
2001 L Street, N.W., Suite 902
Washington, DC 20036
Office: (202) 787-1900
Facsimile: (202) 640-2059
Email:
drucker@fedattorney.com

February 13, 2023                           Counsel for Plaintiff

16